In the Matter of BORGEN ENGINEER-
ING, INC., Debtor.

Civ. A. No. 87–1910.

United States District Court,
E.D. Louisiana.

Jan. 15, 1988.

Robert A. Kutcher, Jan Marie Hayden, Bronfin, Heller, Steinber & Berins, New Orleans, La., for petitioner.

Elaine Guillot, Slidell, La., for respondent.

## ORDER AND REASONS

MENTZ, District Judge.

Borgen Engineering, Inc. (Borgen) filed its bankruptcy petition on April 7, 1986. On June 11, 1986 the City filed a "Request for Relief from the Automatic Stay" contending that the "Agreement to Furnish Engineering Services to the City of Slidell, Louisiana" (Agreement) between Borgen and the City was no longer executory due to the completion of all Task Orders issued. A hearing on the City's Request for Relief was held on July 7, 1986. The parties stipulated that the issue would be submitted to the Court on briefs. No testimony was taken. An audiotape was made of the hearing but was subsequently destroyed. The bankruptcy court held that, under 11 U.S.C. § 365, the Agreement was executory, thus entitling the trustee to assume or reject the Agreement. The City has appealed the bankruptcy court's decision.

Article 1 of the Agreement provided as follows:

The services to be provided by the ENGINEER, and the compensation for such services, shall be as mutually agreed to in separate TASK ORDERS to this AGREEMENT, executed by both parties. Unless otherwise indicated in a TASK ORDER, execution of a TASK ORDER by the OWNER shall constitute notice to and authorization for the ENGINEER to proceed with the services enumerated in the TASK ORDER.

The City contends that the Agreement is unenforceable because the issuance of a task order is a suspensive condition totally in its discretion. Louisiana Civil Code Article 1767 provides that "[i]f the obligation may not be enforced until the uncertain event occurs, the condition is suspensive." Here, the obligation is the rendering of engineering services; the uncertain event or condition is the execution of a task order. The execution of a task order is a suspensive condition because Borgen is not obligated to render engineering services except pursuant to a task order.

Even though the Agreement contains a suspensive condition, it is not necessarily null. A suspensive condition makes the obligation null where the condition depends solely on the whim of the obligor. La.Civ. Code Art. 1770.[1] An obligor is one who is bound to render a performance, consisting of giving, doing, or not doing something, in

---

1. La.Civ.Code Art. 1770 supercedes former La. Civ.Code Arts. 2024, 2034, and 2035. The comments to the Article explain that it eliminates the expression "potestative condition," but it does not change the law.

favor of another, the obligee. La.Civ.Code Art. 1756. In this case, the obligor is Borgen; the obligee is the City. Borgen is bound to render engineering services to the City upon execution of mutually agreed to task orders executed by both parties. The City must first decide to issue a task order. Borgen, in its discretion, may accept or reject the task order. The execution of a task order is dependent upon each party making a decision which clearly would not be based upon whim, but would be governed by concerns for sound business practice. Thus, the obligation is not null because the execution of a task order does not depend solely on the whim of the obligor, Borgen. *See generally Durant v. Chevron U.S.A., Inc.,* 594 F.Supp. 527 (E.D.La.1984) (Master Service Agreement, the provisions of which apply only if the parties enter into a Service Order and Agreement, determined to be potestative, but not null and void).

The Court next addresses whether the Agreement is executory. The trustee is entitled to assume or reject an executory contract. 11 U.S.C. § 365(a). An executory contract is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re The Charter Company,* 52 B.R. 267, 270 (M.D.Fla.1985) (quoting V. Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973); *In re J.M. Fields, Inc.,* 22 B.R. 861 (S.D.N.Y.1982)).

Borgen contends that the Agreement is executory because it covers the "201 Project," an expansion of the City's Regional Waste Water Treatment Plant, and obligates the City to issue task orders to Borgen until completion of the project. Based upon a simple reading of the Agreement, the Court finds that the City was not at any time obligated to issue a task order to Borgen, and Borgen was not obligated to accept a task order. The Agreement governs in the event that the parties mutually agree to and execute a task order. *See The Charter Company,* 52 B.R. at 270; *Durant,* 594 F.Supp. at 531. Contrary to Borgen's assertions, the Agreement does not require that the City issue task orders until the completion of the "201 Project" and, in fact, does not even mention the "201 Project" or any other specific engineering project. The Agreement clearly would apply to any project of the City for which the City required engineering services from Borgen. Although La.Civ.Code Art. 1759 provides that "[g]ood faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation," that does not mean that the City is required to issue task orders. It simply requires that the parties' decisions and conduct be governed by good faith. Borgen has not argued that the City's decision not to issue any more task orders is in bad faith. Two task orders were executed and performed for which Borgen was compensated. No other task orders have been executed and no obligations remain unperformed. Accordingly, the Agreement is not executory and is incapable of being assumed or rejected pursuant to Section 365.

In view of the foregoing,

IT IS ORDERED that the decision of the Bankruptcy Court is hereby REVERSED.